**1346**

The BROADVIEW SAVINGS & LOAN COMPANY, Appellant–Plaintiff,

v.

Marsha L. MULDROW–NELSON a/k/a Marsha Louise Muldrow–Nelson, Appellee–Defendant.

No. 45A03–9012–CV–557.

Court of Appeals of Indiana, Third District.

March 11, 1992.

Christopher E. Baker, Rubin & Levin, P.C., Indianapolis, Charles E. Enslen, McHie, Myers, McHie & Enslen, Hammond, for appellant-plaintiff.

Joel C. Levy, Singleton, Levy & Crist, Munster, for appellee-defendant.

GARRARD, Judge.

In August 1989, Broadview (the lender) brought an action in Indiana against Muldrow–Nelson (debtor) to recover on an Ohio deficiency judgment for $41,916.35 resulting from a mortgage foreclosure. In April 1990, the parties filed with the court an agreed entry which the court approved. It provided:

Come now the parties ... and agree to the following:

1. Defendant, [debtor], is indebted to plaintiff [lender] ... for a total of $53,-155.70 and court costs.

2. [Debtor] shall pay [lender] and [lender] shall accept $12,000 in full settlement of said amount, plus interest thereon at 10% per annum, payable in the following installments:

$2500.00 on or before April 1, 1990; and

$1500.00 per month on the 1st of each month beginning May 1, 1990 for six months and

$500.00 plus 10% interest on the declining balance on the seventh month.

3. If [debtor] fails to make the payments as set forth above, [lender] shall

have the right to judgment in the sum of $53,155.70, plus accruing interest, and the costs of this action, less payments made pursuant to this Agreed Entry, upon [lender's] counsel filing an affidavit of default, without further notice to [debtor] and without a hearing.

4. It is further agreed that if [debtor] makes the payments as set forth above, [lender] shall file with this Court a Stipulation of Dismissal, with prejudice.

On June 29, 1990, the lender moved for entry of judgment and submitted the affidavit of its attorney that the debtor had failed to make the payment due on June 1, 1990. The court granted the motion and entered judgment for the $53,008.29 requested.

On July 23, 1990, debtor filed her verified motion to set aside the judgment. In it she asserted that the initial and the May 1 payments had been timely made, that because of delay in the receipt of government health care payments she was unable to make the June payment on time, and that she had subsequently attempted to make arrangements through counsel to bring her payments current but the creditor had refused to accept them. She also asserted that the lender's only counter-proposal had been that it would accept either $15,000 cash at that time or $20,000 together with post-judgment interest, payable at $1,000 per month commencing July 15. Contemporaneously, she tendered into court $3000, which the court ordered held by the clerk pending further order.

Hearing was held on the debtor's motion on September 25, 1990, but no additional evidence was introduced by either party. The court then ordered that the judgment be set aside. In doing so it stated that it would be unfair and unconscionable to permit the lender to take advantage of the agreed entry of April 11th just because the debtor was ten or twenty days late in making payment when no demand for payment had been made. (The court found that the fact the agreed entry was dated the 11th made ambiguous the entry's call for payment on the 1st, and also found that the lender had accepted the May payment on

May 21st and thereby led the debtor to believe that a grace period was acceptable for making payments.)

Secondly, the court stated it would be unfair and unconscionable to permit the lender to impose a penalty for late payment that was unduly burdensome and in excess of any damages or costs that the lender might have incurred. And, thirdly, the court stated it would be unfair and unconscionable for the lender to recover the full amount of its original claim due to a technicality when it had agreed to accept $12,000.

Broadview appeals the court's ruling as an abuse of discretion, contrary to the express agreement of the parties and clearly erroneous as a matter of law. We are constrained to agree.

At the outset it should be recalled that the lender's claim was not unliquidated but was an apparently valid judgment from a sister state. Under the circumstances the consideration for the lender to accept the lesser amount contained in the agreed entry was the time and expense otherwise necessary to effect collection. We cannot say that the mere fact that the agreement was either entered or approved on an odd day of the month created any ambiguity in the agreement's express requirement that payments were due "on the 1st of each month." Nothing in the record (other than argument of counsel) supports the assertion that the lender accepted late payment of the May installment. The agreed entry on the other hand was quite clear: If the debtor failed to make the payments as set forth, the lender was entitled to judgment on the entire amount. Therein lies the problem.

The felt inequity in this case does not arise from the insistence by the lender that the debtor strictly comply with the payment requirements of the settlement agreement. It is not inequitable to insist that a debtor perform according to her agreement. It arises, instead, from the substantial disparity between the settlement sum contained in the agreed entry and the amount outstanding on the foreign judgment sued upon. But that is what the parties themselves had expressly agreed to.

 Nothing in the record supports the notion that the agreement entered into was the result of a great disparity of bargaining power which led the debtor to unwillingly enter an agreement which no sensible person not under delusion or duress would enter. *See Nylen v. Park Doral Apart.* (1989) Ind.App., 535 N.E.2d 178.

Indeed, the agreement was highly beneficial to the debtor if she complied with its terms. She did not. Her petition for relief from the judgment admits that she failed to make the June payment when it was due, and that when she later tendered it, it was refused. Her petition states that the reason for that delay was that she had not received government health care payments that were due her. Nothing in her petition (or anything else in the record) asserts any attempt whatever upon her part to secure a time extension or forbearance from the lender *before* she defaulted.

In sum, it cannot be said that the agreed entry was by its very terms unconscionable in providing that upon default by the debtor, liability for the entire amount of the foreign judgment, rather than some lesser sum, should be imposed. Nor can it be said that the lender acted unconscionably in refusing to permit the debtor to avoid the time limitations expressed in the agreed entry. It follows that the court abused its discretion in setting aside the judgment which had been entered in accord with the express agreement of the parties.

The order setting aside the judgment is reversed and the case is remanded with instructions to reinstate the judgment entered June 29, 1990.

Reversed and remanded.

SHIELDS, P.J., and STATON, J., concur.